Clerk of Court - please make & mail copies

June 22, 2008

Robert K. McBride            cc: Judge Jennifer
Asst. U.S. Attorney                    Coffman
Lexington, Kentucky

Eastern District of Kentucky
FILED
JUL -1 2008
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

Re: United States v. James Gormley
5:08-misc-5004, (E.D. Ky.)

Dear Mr. McBride:

I am writing to beg you to reconsider your position about Judge Coffman releasing me so that I can prepare and file my Petition for Certiorari to the Supreme Court by 7/28/08. My Constitutional right of access to the Courts will be violated if I am not released to have access to my 11 boxes of legal materials, which are necessary to prepare the Petition. Imagine how it feels to be an innocent man, wrongfully convicted, and trapped in prison for more than 7 2/3 years, because the jury was not instructed on my theory of defense. See U.S. v. Casperson, 773 F.2d 216, 222-224 (8th Cir. 1985), U.S. v. Crawford, 60 Fed. Appx. 520, 531-532 (6th Cir. 2003), U.S. v. Mintmire, 507 F.3d 1273, 1276-77 (11th Cir. 2007). A defendant is entitled to a theory of defense instruction unless there is no

evidence in the record supporting the defense. 2A Wright, Federal Practice & Procedure, section 482, pp. 346-350 & p.22 (2000); Bird v. U.S., 180 U.S. 313, 314-15 (1901); Mathews v. U.S., Dixon v. U.S., 548 U.S. ___, 165 L.Ed.2d 299 (2006).

    The Supreme Court recognizes a small class of "structural errors" that are so egregious they require automatic reversal, without any showing of harm. U.S. v. Gonzalez-Lopez, 126 S.Ct. 2557, 2564-65 (2006). The Supreme Court has not yet ruled on whether a failure to instruct on a defendant's affirmative defense (theory of defense) is a structural error, but there is a split and the circuits on this issue. My circuit (the 4th) has not taken a position on this issue. See, U.S. v. Lewis, 53 F.3d 29, 35 (4th Cir. 1995). The Sixth and Ninth circuits have held such an error to be a structural defect. See, U.S. v. Monger, 185 F.3d 574, 576-78 (6th Cir. 1999); U.S. v. Escobar De Bright, 742 F.2d 1196, 1200-02 (9th Cir. 1984); U.S. v. Southwell, 432 F.3d 1050 (9th Cir. 2005); U.S. v. Zuniga, 6 F.3d 569, 571 (9th Cir. 1993); U.S. v. Miguel, 338 F.3d 995, 1003-1004 (9th Cir. 2003); U.S. v. Bear, 439 F.3d 565, 568-71 (9th Cir. 2006). Other circuits apply harmless/plain error analysis per Rule 52 on direct appeal, and the

See, e.g., U.S. v. Douglas, 818 F.2d 1317, 1320-23 (7th Cir. 1987). On habeas, if the error is not a structural one, the applicable standard is set forth in Brecht v. Abrahamson, 507 U.S. 612, 637 (1993). See California v. Roy, 579 U.S. 2, 5 (1996). The Supreme Court has recently granted certiorari on a closely related jury instruction/structural error case. See Pulido v. Chrones, 487 F.3d 669 (9th Cir. 2007) cert. granted, Chrones v. Pulido, (No. 07-544, 2/25/08).

As you are aware, this Certiorari Petition is my last opportunity to have my convictions overturned. Please don't deny me this opportunity. I am no danger to anyone but am simply very frustrated. Look at my peaceful record for 45 years. I don't understand how you could write that my Constitutional right of access to the Courts is "irrelevant". It is a fundamental, bedrock right. Please reconsider & reverse your position — It is unreasonable and unConstitutional.

Very truly yours,

James J. Gormley

James J. Gormley
Reg No. 05787-985